**Ralph Gordon BISHOP, Petitioner-Appellant,**

v.

**The MEDICAL SUPERINTENDENT OF the IONIA STATE HOSPITAL, OF the STATE OF MICHIGAN, Respondent-Appellee.**

**No. 17306.**

United States Court of Appeals Sixth Circuit.

May 23, 1967.

Ronald VanBuren, Portland, Mich., for appellant.

Curtis G. Beck, Asst. Atty. Gen., Lansing, Mich., for appellee.

Before WEICK, Chief Judge, and MILLER * and CECIL, Senior Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Western District of Michigan, dismissing the petition of Ralph Gordon Bishop, plaintiff-appellant, for a writ of habeas corpus. The district judge dismissed the petition upon two grounds: one, the appellant had not exhausted his state remedies and, two, he was not then confined within the limits of the Western District of Michigan. Since the district judge dismissed the petition without an evidentiary hearing, the question before us is whether the petition states a cause of action.

A brief statement of facts as alleged in the petition will serve to bring the issues into focus. On or about October 8, 1953, the appellant was arrested and a complaint and warrant were issued in the United States District Court for the Eastern District of Michigan charging him with uttering threats against the President of the United States. On December 9, 1953, the Court ordered the appellant to be committed to the Federal Medical Center at Springfield, Missouri, for observation. On or about June 9, 1954, the District Court for the Western District of Missouri released the appellant on a writ of habeas corpus and ordered him returned to the District Court at Detroit, Michigan. On October 18, 1954, a judge of that Court entered an order conditionally releasing jurisdiction of the appellant to the Probate Court of Wayne County, Michigan. The Probate Court was to determine the sanity or insanity of the appellant. If found insane the District Court released jurisdiction

* Wilbur K. Miller, Senior Circuit Judge for the District of Columbia, sitting by designation.

provided appellant was committed as an insane person in accordance with the statutes (presumably of Michigan). If found to be sane he was to be returned to the District Court for further proceedings.

As a result of proceedings in the Probate Court in January 1955, the appellant was found to be mentally ill and was committed to the Ypsilanti State Hospital as a state charge. About two years later the Department of Mental Health of the State of Michigan transferred the appellant to the Ionia State Hospital for the Criminal Insane. This hospital, where the appellant was confined at the time he filed his petition in this case, is within the territorial limits of the Western District of Michigan.

On September 22, 1965, the district judge dismissed the appellant's petition on the ground that he had not exhausted his state remedies as required by Section 2254, Title 28, U.S.C. Under date of April 22, 1966, in a supplemental opinion, the district judge recited that the appellant had been transferred on April 1, 1966, to the Ypsilanti State Hospital, at Ypsilanti, Michigan, which was in the Eastern District of Michigan. He thereupon ruled that the petition for writ of habeas corpus should be filed in the Eastern District of Michigan.

■ We conclude that this latter ruling of the court is in error. The District Court for the Western District of Michigan, having jurisdiction of the action at the time the petition was filed, did not lose jurisdiction when the appellant was subsequently transferred to the Ypsilanti State Hospital in the Eastern District of Michigan. Ex Parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243; United States ex rel. Circella v. Sahli, 216 F.2d 33 (C.A. 7), cert. den. 348 U.S. 964, 75 S.Ct. 525, 99 L.Ed. 752. The motion of the appellee to dismiss is denied.

It is claimed on behalf of the appellant that the district judge for the Eastern District of Michigan was without authority to relinquish jurisdiction of him and order him transferred to the Probate Court of Wayne County, Michigan, and that all of said proceedings are of no legal

force or effect. It is further claimed that the appellant is entitled to a hearing under Section 4244, Title 18, U.S.C. to determine his competency for trial.

Section 4244, Title 18, U.S.C., provides that when a district judge has reasonable cause to believe that a person charged with an offense is presently insane or so mentally incompetent that he is unable to understand the proceedings against him or to properly assist in his defense, he may on his own motion cause the accused to be examined as to his mental condition by at least one psychiatrist. For this purpose the judge may order the accused committed to a suitable hospital. This statute further provides that if the report of the psychiatrist indicates a present state of insanity or mental incompetency of the accused the court shall hold a hearing and make a finding with respect to the mental condition of the accused. Under Section 4246, Title 18, U.S.C., if the court finds that the accused is mentally incompetent it may commit the accused to the custody of the Attorney General or his authorized representative.

None of the provisions of these statutes were followed in the release of the appellant to the Probate Court of Wayne County. He was not committed to a hospital, no report was returned, no hearing had, and no commitment to the custody of the Attorney General on a basis of mental incompetency.

■ It is alleged in the petition that the court released jurisdiction of the appellant on condition that if he be found insane the Probate Court would commit him as an insane person in accordance with the statutes. This condition was met and the appellant was found to be mentally ill and committed to the State Hospital at Ypsilanti, Michigan. We conclude from these facts that the district judge, in reality, released the jurisdiction of the court over the appellant and turned him over to state authorities. We know of nothing that would prevent the District Court from so releasing its jurisdiction over the appellant. It is not unusual for state authorities to turn ar-

rested persons over to federal authorities for prosecution or for federal authorities to turn arrested persons over to state authorities. The appellant has now been in state custody as a state charge for more than twelve years and his remedy is to exhaust the procedures provided by the state of Michigan. Sections 27A.4307, C. L.1948, § 600.4307 [P.A.1961, No. 236] and 14.829, M.S.A., C.L.1948, § 330.39 [P.A.1949, No. 313].

The petition does not state a cause of action and the judgment of the District Court is affirmed.