**Barrington Eugene WILSON, a minor, by Joan Wilson, his mother and next of friend, Petitioner,**

v.

**Charles M. RODGERS, Superintendent, District of Columbia Jail, Respondent.**

**No. 409–67.**

United States District Court
District of Columbia.
Sept. 28, 1967.

Emmelyn S. Logan, Washington, D. C., for petitioner.

Nancy P. D'Amico, Asst. Corp. Counsel, Oscar Altshuler and Judith Wilson, Asst. U. S. Attys., Washington, D. C., for respondent.

## OPINION

HOLTZOFF, District Judge.

This is a petition for a writ of habeas corpus presented by a prisoner's mother, the purpose of which is to contest his removal from the District of Columbia Jail to a Federal institution at Petersburg, Virginia.

Two preliminary questions are confronted. The first is whether there is a proper respondent; second, whether the fact that after the petition for a writ of habeas corpus was filed the prisoner was removed from the District of Columbia to an institution located outside of the District deprives this Court of jurisdiction.

The salient facts are that when the petition for a writ of habeas corpus was filed, the prisoner, a juvenile, was incarcerated in the District of Columbia Jail and the Superintendent of the Jail was named as respondent. The petition is marked filed on September 12, 1967. It is claimed by counsel for the petitioner that she presented it to an official of this Court late on the afternoon of September 11th. A rule to show cause was issued by a Judge of this Court on September 12th. On the morning of September 12th, and before the rule to show cause was served on the Superintendent of the Jail, the prisoner was transferred from the jail to the National Training School for Boys, which is also located in the District of Columbia.

Obviously, therefore, the Superintendent of the Jail is not a proper respondent because at the time when he was served with the papers in this case,

he no longer had custody of the prisoner. The National Training School for Boys is not under the jurisdiction of the District of Columbia Jail. On the contrary, it is a Federal institution and not a District of Columbia institution. It is well settled, of course, that a respondent in a habeas corpus proceeding must be the person having immediate custody of the person claimed to be restrained of his liberty.

It may well be that the petition could possibly be amended by substituting the Superintendent of the National Training School for Boys as the respondent, but this would avail the petitioner nothing. Between the time when this proceeding was instituted and this hearing, shortly after the move to the National Training School for Boys, the prisoner was transferred to a Federal penal institution in Petersburg, Virginia, where he is now incarcerated. There is no contention, and certainly no evidence, that these transfers were made for the purpose or with the view of evading the jurisdiction of this Court. On the contrary, they were made as a matter of ordinary routine, apparently, as the file indicates, because the prisoner, who although a juvenile 18 years old, was very unruly and could not be properly handled in the National Training School for Boys or in the District of Columbia Jail. Consequently, there is no respondent in this case who is a proper party, because the present respondent does not have custody of the prisoner and did not have custody at the time when the rule to show cause was served on him.

■ The second question is whether it is permissible for the prison authorities to consummate transfers of the prisoner after this proceeding was instituted. Manifestly, after a writ of habeas corpus issues the custody of the person restrained of his liberty may not be changed. This is likewise true after the service of a rule to show cause issued by the court that entertains the petition for a writ of habeas corpus, and the rule is served on the respondent.

■ There is no legal barrier to removing the custody of the person restrained of his liberty merely because a petition for a writ of habeas corpus has been filed but no process has issued out of a court of competent jurisdiction, whether it be a writ or a rule to show cause. The mere filing of a petition does not act as a stay or preclude a removal. Otherwise, any prisoner could prevent his being moved to another institution by simply filing or presenting a petition for a writ of habeas corpus. The routine of the Federal Bureau of Prisons and of the Department of Corrections of the District of Columbia could be seriously interfered with by such means. It may well be, and the Court understands that it is done, that administratively in many instances the authorities will not remove a prisoner if they are informed that a petition is about to be filed or has been filed. There is, however, no legal barrier against such a removal.

■ For both of these reasons the Court is of the opinion that in this case it has no jurisdiction of the person of the prisoner in whose behalf the petition has been filed. He is not within the District of Columbia; and no person having immediate custody of him is within the District of Columbia. Consequently, the Court will dismiss the petition for lack of jurisdiction over the person.

■■ The Court might add, however, that it has examined the petition and considers that the petition is lacking in merit because there is no doubt that under the applicable statutes a prisoner may be transferred from one Federal institution to another by order of the Federal Bureau of Prisons. The contention that there is any inconsistency between that statute and the Juvenile Delinquency Act is untenable [1] and the suggestion that the

---

1. 18 U.S.C. § 4082. In 1941 the statute authorizing transfers of Federal prisoners from one institution to another was amended to include expressly transfers of

inmates of the National Training School for Boys, Clay v. Reid, D.C., 173 F.Supp. 667.

**42**

removal statute, if so applied, is unconstitutional, borders on the frivolous.

Petition dismissed and the rule to show cause vacated.