**David M. QUINN, Appellant,**

v.

**Melvin LAIRD, etc., et al., Appellees.**

**Joseph P. HAND, Appellant,**

v.

**Melvin LAIRD, etc., et al., Appellees.**
Nos. 24140, 24141.

United States Court of Appeals,
Ninth Circuit.
Jan. 22, 1970.

Ezra Hendon (argued), of Treuhaft, Walker & Burnstein, Oakland, Cal., for appellants.

Jerry K. Cimmet (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellees.

Before HAMLIN, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM:

On March 7, 1969, appellants Quinn and Hand filed petitions for writs of habeas corpus in the United States District Court for the Northern District of California seeking release from the United States Army on the grounds of conscientious objection. The district court, relying on Craycroft v. Ferrall, 408 F.2d 587 (9th Cir. 1969), dismissed the petitions upon the ground that petitioners had not exhausted all military administrative remedies, "namely a petition to the Army Board for Correction of Military Records pursuant to 10 U.S.C. § 1552, 32 CFR 581.3." During the pendency of timely appeals to this court, on June 4, 1969 (Hand) and June 25, 1969 (Quinn), the Army Board for the Correction of Military Records denied appellants any relief. The grounds upon which the district court denied relief by way of habeas corpus are thus no longer present.

In addition, in a supplemental brief filed upon these appeals, the appellees

have abandoned any exhaustion of remedies defense in these cases.[1]

Accordingly, it appears that the case of each appellant is in proper posture for determination on the merits by the district court. The order of the district court dismissing the petitions for writ of habeas corpus in each case is set aside, and the case of each appellant is remanded to the district court for determination upon the merits.

1. In response to the Petition for a Writ of Certiorari filed by plaintiffs in Craycroft v. Ferrall, No. 718 Misc., October Term 1969, the Solicitor General set forth the following as the government's position regarding the exhaustion requirement in in-service CO discharge cases.

"As noted earlier, petitioner did not seek review of his court-martial conviction in the Court of Military Appeals. The Department of Justice has, however, recently determined to withdraw its support of the position previously urged in the Brief in Opposition in Noyd v. McNamara, 378 F.2d 538 (C.A.10), certiorari denied, 389 U.S. 1022 [88 S.Ct. 593, 19 L.Ed.2d 667], that military judicial remedies must be exhausted before resort by servicemen with conscientious objector claims to civilian courts. Compare Hammond v. Lenfest, 398 F.2d 705 (C.A.2). In accordance with this new policy, we will on remand urge the court below to reach the merits of petitioner's conscientious objector claim. We similarly plan, in a case presently before the Tenth Circuit, to urge that court to abandon its Noyd holding." [Footnotes omitted.]

Memorandum for Respondents, pp. 6–7.