**Alvin G. SMITH, Petitioner and Appellant,**

v.

**Capt. James M. CAMPBELL, Commanding Officer, U. S. Naval Schools Command, Mare Island, Vallejo, California, et al., Respondents and Appellees.**

**No. 71-1443.**

United States Court of Appeals, Ninth Circuit.

Oct. 11, 1971.

As Modified Dec. 1, 1971.

---

Ezra Hendon (argued), of Franck, Hill, Stender, & Hendon, Berkeley, Cal., for petitioner and appellant.

Brewster Q. Morgan, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for respondents and appellees.

Before HAMLEY and KILKENNY, Circuit Judges, and FERGUSON,* District Judge.

FERGUSON, District Judge.

This case presents the question whether a petition for writ of habeas corpus must be dismissed for lack of jurisdiction when at the time the petition was filed the petitioner and his custodian were both within the territorial jurisdiction of the district court, but the petitioner was involuntarily removed from the district after the filing of the petition and his present custodian is subject to the process of the court. The district court held that it must. We reverse.

In January, 1970, appellant, an active duty member of the United States Navy, was ordered to report to a duty station in Australia, after first completing additional technical schooling at Mare Island Naval Station, Vallejo, California. On February 13, 1970, appellant, while stationed at Mare Island, applied to the Navy for a discharge by reason of conscientious objection. Appropriate administrative hearings and interviews were held and the necessary reports filed.

The petition sets forth in full what is alleged to be the complete administrative records of the request for discharge. By its motion to dismiss, appellees must concede the truthfulness of the allegations. Delesdernier v. O'Rourke & Warren Company, 305 F.2d 929 (5th Cir. 1962). The records uniformly state that appellant's beliefs were sincerely held and recommended discharge. In fact, every person that interviewed him, as well as his commanding officer, recommended that he was sincere and should be discharged. Nevertheless, when the application and supporting recommendations of the officers were referred to the Chief of Naval Personnel, he disapproved the application. In this respect the record is similar to that in Rastin v. Laird, 445 F.2d 645 (9th Cir. 1971),

---

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

where Judge Trask, for the court, directed that a writ be issued if the Navy did not grant a discharge.

■■ Appellant's application was denied by the Navy on October 9, 1970. Having exhausted his administrative remedies, he immediately filed a petition for habeas corpus in the Northern District of California. However, because Mare Island was in the territorial jurisdiction of the Eastern District of California, that petition was dismissed by the northern district for lack of jurisdiction. He then filed the instant petition in the eastern district on October 29, 1970. On that same day, the district court denied an application for a temporary restraining order and took under submission the request for an order to show cause. Jurisdiction in the district court was predicated upon 28 U.S.C. § 2241. A petitioner is in "custody" within the meaning of that section when he is held in military service contrary to a valid claim of conscientious objection. Johnson v. Laird, 435 F.2d 493, 496 (9th Cir. 1970). While exhaustion of military judicial remedies is not required for in-service conscientious objector cases, Quinn v. Laird, 421 F.2d 840 (9th Cir. 1970), exhaustion of administrative remedies is required. Johnson v. Laird, *supra*.

Pursuant to orders, appellant reported to Travis Air Force Base on November 1, 1970, and was transported by military aircraft to Australia on the following day. On November 4, 1970, the district judge signed an order to show cause. Appellees subsequently moved to dismiss for lack of jurisdiction. The court granted the motion, reasoning that "[a]t the time of the motion and hearing thereon, there was no longer any respondent having custody of petitioner who is within the territorial limits of the Eastern District or subject to the process of the Court".

In reaching this conclusion, the district court relied upon Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), citing Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L. Ed. 243 (1944). In *Jones,* a state prisoner, while on parole, left the territorial confines of the court. The Supreme Court held that the district court had not lost jurisdiction, since the members of the parole board with control over the petitioner were still within the district. It cited *Endo* for the proposition that a district court does "not lose its jurisdiction when a habeas corpus petitioner [is] removed from the district so long as an appropriate respondent with custody remain[s]". 371 U.S. at 243–244, 83 S.Ct. at 377.

■ It is no longer subject to doubt that in order for a district court to have jurisdiction to entertain on the merits an application for a writ of habeas corpus seeking discharge from the armed services, both the person detained and his custodian must be in the territorial jurisdiction of the district court. Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). The question presented is when does that jurisdiction attach—at the time of the filing of the petition, as contended by the appellant, or at a subsequent time when the court issues an order based upon the petition, as contended by appellees. It is agreed that at the time the petition was filed, both the petitioner and his immediate commanding officer were within the territorial limits of the district court, but when the district court issued its order to show cause why the writ should not be granted, the petitioner and his immediate commanding officer were both in Australia.

■ As stated in Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 19 L.Ed. 931 (1870):

"It is as easy to give a general and comprehensive definition of the word jurisdiction as it is difficult to determine, in special cases, the precise conditions on which the right to exercise it depends. This right has reference to the power of the court over the parties, over the subject-matter, over the *res* or property in contest, and to

the authority of the court to render the judgment or decree which it assumes to make." 77 U.S. at 316.

It is generally accepted that in civil cases, jurisdiction is measured at the time the action is filed, and subsequent events cannot divest the court of that jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). This rule is consistent with a concern for both practicality and fairness. Mullen v. Torrance, 22 U.S. (9 Wheat.) 536, 6 L.Ed. 154 (1824). In Metcalf v. Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543 (1888), the Court held that jurisdiction in diversity of citizenship cases is determined at the time the action is commenced. However, "Though habeas corpus is technically 'civil', it is not automatically subject to all the rules governing ordinary civil actions. See Harris v. Nelson, 394 U.S. 286 [89 S.Ct. 1082, 22 L.Ed.2d 281]". Schlanger v. Seamans, 401 U.S. 487, n. 4 at 490, 91 S.Ct. at 997.

In regard to habeas corpus matters, the courts have uniformly followed the rule regarding jurisdiction that is followed in civil cases. In Schlanger v. Seamans, *supra*, the Supreme Court based its ruling of lack of jurisdiction upon the facts as they existed at the time the action was filed. Furthermore, Justice Douglas stated: "Had petitioner, *at the time of the filing of the petition,* been under the command of the Air Force officer assigned as liaison officer at Arizona State to supervise the Education and Commissioning Program, we would have a different question". (Emphasis added.) 401 U.S. at 491–492, 91 S.Ct. at 998.

In Bishop v. Medical Superintendent, 377 F.2d 467 (6th Cir. 1967), the court held that the district court was correct in dismissing the petition for writ of habeas corpus for not stating a cause of action, but was in error for dismissing it for lack of jurisdiction. In that case the petitioner, a patient at a state mental hospital within the Western District of Michigan, filed his habeas corpus petition with the district court for the western district. Subsequently, the petitioner was transferred to a hospital within the Eastern District of Michigan. The district court held that it no longer had jurisdiction. The court of appeals held: "We conclude that this latter ruling of the court is in error. The District Court for the Western District of Michigan, having jurisdiction of the action at the time the petition was filed, did not lose jurisdiction when the appellant was subsequently transferred to the Ypsilanti State Hospital in the Eastern District of Michigan." 377 F.2d at 468.

In Harris v. Ciccone, 417 F.2d 479 (8th Cir. 1969), Justice Blackmun (then Judge Blackmun) stated that a transfer of a petitioner from Missouri to Pennsylvania did not defeat the jurisdiction of the District Court for the Western District of Missouri. 417 F.2d 479 n. 1 at 480. The court reaffirmed the ruling in its prior per curiam opinion in Holland v. Ciccone, 386 F.2d 825 (8th Cir. 1967), that, "Having had jurisdiction when the petition was filed, the retransfer of the petitioner did not destroy that jurisdiction". 386 F.2d at 827.

Finally, in Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), the Court, in discussing Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944), stated:

"In that case petitioner *at the time suit was instituted* was within the territorial jurisdiction of the *habeas corpus* court but had subsequently been removed to a different district and circuit. We held, in conformity with the policy underlying Rule 45(1) of the Court, [28 U.S.C.A. following section 354,] that jurisdiction of the District Court was not defeated in that manner, no matter how proper the motive behind the removal. We decided that in that situation the court can act as long as it can reach a person who has custody of the petitioner." (Emphasis added.) 335 U.S. at 193, 68 S.Ct. at 1445.

The only case of which the court is aware that is contrary to the rule that

jurisdiction attaches at the time the petition is filed is Wilson v. Rodgers, 274 F.Supp. 39 (D.D.C.1967). It was decided without benefit of a single cited authority, and is against the intimation of that court's own circuit. *Cf.* Hudson v. Hardy, 137 U.S.App.D.C. 366, 424 F.2d 854 n. 5 at 856 (1970). In *Wilson*, the court expressed concern with the possibility that the filing of a petition would seriously impair the authority of the Bureau of Prisons to transfer a petitioner to another facility after the petition was filed. The government makes the same argument here; that is, the rule that a transfer does not defeat jurisdiction would have a detrimental practical effect in that it would interfere with the right of the Armed Forces to transfer personnel whenever a habeas corpus petition was filed. This is not true. The mere filing of a petition does not in any way interfere with military authority. If a member of the Armed Forces desires to prevent a transfer, he may seek temporary injunctive relief in a proper case. In this case, appellant did apply for a temporary restraining order, but his request was denied. He does not challenge that denial or his subsequent transfer. He does not claim that he should not have been transferred to Australia, but merely that such a transfer cannot divest the district court of jurisdiction once it was properly established.

In fact, the application of the rule that a transfer does not defeat jurisdiction should interfere less with the authority of the Armed Forces to transfer personnel. When the district courts understand that a transfer does not defeat their jurisdiction, there will be less inclination to grant temporary restraining orders to prevent a transfer except in extraordinary cases.

The government then argues that even though the district court in this case may retain jurisdiction to consider the merits of the petition, the present custodian of the petitioner is not before the court and, therefore, the district court could not enforce any order that the merits of the case may demand.

That argument overlooks the indispensable party rule provided for in Rule 19(a) of the Federal Rules of Civil Procedure. That rule provides in part:

> *"Joinder of Persons Needed for Just Adjudication*
>
> *"(a) Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties * * *. If he has not been so joined, the court shall order that he be made a party."

It has frequently been held that the inability to fashion an effective decree in a person's absence may render him indispensable. *See, e. g.*, Kendig v. Dean, 97 U.S. 423, 24 L.Ed. 1061 (1878).

The petition, in addition to naming appellant's commanding officer, also named as respondents the Secretary of Defense, the Secretary of Navy and the Chief of Naval Personnel. It may or may not be that they are proper or indispensable parties, as that matter, of course, was not litigated in the district court. Generally, a "superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him". Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 189, 92 L.Ed. 95 (1947). In Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955), the Court stressed the requirement that in this area the courts give effect to practical considerations rather than formalistic and technical concepts. Furthermore, habeas corpus "is not now and never has been a static, narrow, formalistic remedy". Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963).

In order to obtain jurisdiction over indispensable federal officials who are outside the territorial jurisdiction of

the district court, the court may utilize the provisions of 28 U.S.C. § 1391(e), which provides that process may be served by certified mail beyond the territorial limits of the district. In Schlanger v. Seamans, 401 U.S. 487 (1971) n. 4 at 490, 91 S.Ct. 995, the Court held that the extraterritorial service of process provisions of § 1391(e) could not be used to create jurisdiction when it did not exist at the time of the filing of the action. However, the Court did not suggest that once jurisdiction to consider the merits of a habeas corpus petition is first properly established, § 1391(e) could not be used to join indispensable parties. Rudick v. Laird, 412 F.2d 16 (2d Cir. 1969), is not contrary. There the petitioner was in New York on leave and filed his petition there. This commanding officer, at the time he filed his petition, was in California. The court held that § 1391 did not confer jurisdiction as his custodian, that is, his commanding officer, was not in New York. Section 1391 may not be utilized to confer jurisdiction, but can be in order to effectuate jurisdiction once it has attached.

The government contends that the dismissal of appellant's petition does not leave him without a remedy. It contends that by reason of the fact that appellant is now in Australia he may properly file a new petition in the District Court for the District of Columbia, and cites Eisentrager v. Forrestal, 84 U.S. App.D.C. 396, 174 F.2d 961, 967 (1949), reversed sub nom. Johnson v. Eisentrager, 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255 (1950), where it was held that the term "custody" in 28 U.S.C. § 2243 must be construed to embrace directive as well

as immediate custody, and, therefore, when a petitioner is held in custody outside the United States, habeas corpus jurisdiction exists in the District of Columbia.[1] The appellant does not contend otherwise. However, merely because jurisdiction may now exist in the District Court of the District of Columbia, certainly is no reason to refuse jurisdiction elsewhere. The district court has jurisdiction over the petition which was filed. If, in the exercise of its discretion, it determines that venue of the proceedings should be transferred to the District Court for the District of Columbia, that transfer would not be an abdication of its jurisdiction, but would be in accordance therewith.

The court does not express any opinion relative to this case concerning the provisions of 28 U.S.C. § 2243, which provides, "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained". The application of these provisions has not been litigated in the district court.

■ We hold that by reason of the fact that the petitioner and his custodian, his immediate commanding officer, were within the territorial jurisdiction of the district court at the time the petition for writ of habeas corpus was filed, the district court had jurisdiction to determine the merits of the litigation. The subsequent involuntary removal of the petitioner from the district does not defeat that jurisdiction when those having present custody of the petitioner are subject to the process of the court.

---

1. In Eisentrager v. Forrestal, *supra*, the district court dismissed the petition, for the reason that the petitioners at the time of the filing of the petition were not within the district. The court of appeals reversed, holding that as the petitioners were outside the United States their petitions may be filed in the district court which has jurisdiction over the officials who have directive power over the immediate jailer. The Supreme Court declined to decide that issue, stating "[s]ince in the present application we find no basis for invoking federal judicial power in any district, we need not debate as to where, if the case were otherwise, the petition should be filed". 339 U.S. at 790–791, 70 S.Ct. at 950.

The order of the district court dismissing the petition for lack of jurisdiction is reversed, and the case is remanded to the district court with directions to assume complete jurisdiction of the petition.