577 F.2d 941
 KAWASAKI MOTORS CORP., U. S. A., a Delaware Corporation,
Plaintiff-Appellee,
v.
Joseph A. FINAN d/b/a House of Kawasaki, and also d/b/a
Cycle World, Defendant-Appellant.
 No. 78-1405
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 2, 1978.
 Levine, Freedman & Hirsch, Arnold D. Levine, Tampa, Fla., for defendant-appellant.
 Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Peter J. Winders, Tampa, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-appellant had, prior to the times material to this case, been a franchised Kawasaki motorcycle dealer. The dealer operated under a written franchise, paragraph 7 of which provided:
 
 
 2
 "7. KAWASAKI TRADEMARKS AND TRADE NAMES
 
 
 3
 Distributor is exclusively entitled to the use of the word 'KAWASAKI' and to the use of all trade names and trademarks used in connection with the products and the goodwill attached thereto in the United States of America and Canada. Upon termination of the agreement, DEALER agrees to immediately discontinue all use of the word 'KAWASAKI' or any other trade name, trademark, sign, stationery, advertising, or other means of identification that might make it appear that DEALER is still an authorized representative of KAWASAKI Products. DISTRIBUTOR shall have the right, but not the obligation, to acquire any or all such signs, stationery and advertising material in possession of DEALER on date of termination at a price that is not in excess of the prices, if any, originally paid by DEALER. DEALER agrees to reimburse DISTRIBUTOR for all costs, expenses and attorneys fees incurred by DISTRIBUTOR to require DEALER to cease using said names, marks, signs, stationery or advertising. The provisions of this paragraph shall survive after termination of this agreement."
 
 
 4
 The franchise agreement was terminated. Appellant failed to cease using the name "Kawasaki" and it was necessary for appellee to bring suit in the district court to obtain an injunction against the further use of the trade name by appellant.
 
 
 5
 Appellee prevailed in that suit and, in that manner, required appellant to cease using the name. In accordance with the agreement, appellee moved for the award of attorney's fees incurred by it in requiring appellant to cease using the name. After an extensive hearing in which the district judge considered testimony and affidavits, a fee was awarded to appellee and against appellant in the sum of $15,000. The reasonableness of the fee, as a charge of appellee's attorney for his work done in connection with the litigation is not questioned. Indeed, uncontroverted evidence indicated that appellee had actually been billed for and had paid fees to its counsel greatly in excess of the amount awarded. However, appellant urges that the court should have considered appellant's relatively impecunious condition in fixing the amount of the fee to be paid pursuant to the terms of the contract.
 
 
 6
 Here, we are not confronted with a case in which the district judge was required to establish a reasonable fee to be charged by an attorney to his client where it might appear that the client's ability to pay was extremely limited or the benefit conferred by the legal services was of relatively small value. In such cases, the reasonableness of the attorney's charges must be established by considering that the attorney undertook the legal services for a person known to him to be impecunious or undertook to provide services the pecuniary value of which, to his client, would be limited. Here, appellant entered into a contract to pay a sum which could be ascertained and fixed by the parties upon the happening of the condition making it payable. Such an undertaking does not differ from any other contractual undertaking to pay sums of money for certain services, goods, or other things. The obligation of a party to a contract to pay the sums required, under the contract, to be paid is not, under the law, modified by the financial resources of the contracting party.
 
 
 7
 While it appears that the trial judge did hear testimony touching upon the financial worth of appellant, it appears that he declined to modify his finding of a reasonable fee by considering appellant's financial worth. In our view, the district court committed no error in awarding, under the contract, the fee found to be reasonable. Accordingly, the judgment from which this appeal is taken is
 
 
 8
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I