LEWIS R. MORGAN, Circuit Judge:
State prisoner Frank McClure was denied habeas corpus relief by summary judgment of the United States District Court for the Southern District of Georgia. He urges reversal of the lower court on two grounds. First, he asserts that the district court lacked jurisdiction at the time it decided his case. Next, petitioner contends that the lower court improperly refused him an evi-dentiary hearing on his claims of constitutional violations. We reject both contentions of the petitioner and therefore affirm the decision below.
This case began with the arrest of McClure for burglary in December, 1972. Caught in the act on the burglarized premises, petitioner pleaded guilty and was sentenced to ten years in prison. Subsequently, he sought habeas corpus relief in state court asserting that he had not waived the requirement of a grand jury indictment. Because of this procedural defect, McClure was granted a new trial in October, 1973. Convicted again, this time petitioner was sentenced to twelve years by a jury.
Once more, McClure turned to the processes of habeas corpus for relief, but this time, to no avail. Initially, a state trial court rejected his claims after issuing detailed findings of fact and conclusions of law. After reviewing McClure’s case, the state supreme court remanded for a determination on the issue of mental competency. This issue was resolved adversely to petitioner by the state trial court. He again sought review by the supreme court, but on this occasion, certiorari was denied. With his state remedies exhausted, McClure filed a habeas corpus petition in the Southern District court. The district court denied relief by order of summary judgment leading to the appeal presently before this court.
His appeal first raises the assertion that the district court lacked jurisdiction when it decided his case because he was no longer imprisoned within the Southern District of Georgia. Prior to the time of the lower court ruling, he was released on detainer to the Georgia Board of Pardons and Paroles and transferred to finish serving a previous prison sentence in North Carolina. Because his custodian was the Pardon Board, located in the Northern District, McClure says that the Southern District court could not adjudicate his rights. According to petitioner, his case should have been transferred to the Northern District court.
We reject this contention and find that jurisdiction was properly vested in the lower court. When McClure filed his petition, he was imprisoned within the Southern District. Jurisdiction attached upon the initial filing for habeas corpus relief. It *940 was not destroyed upon the transfer of petitioner and accompanying custodial change. Smith v. Campbell, 450 F.2d 829 (9th Cir. 1971); See also Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Harris v. Ciccone, 417 F.2d 479, 480 n.l (8th Cir. 1969); Bishop v. Medical Superintendent, 377 F.2d 467, 468 (6th Cir. 1967). While his transfer to the Northern District may have given both courts concurrent jurisdiction, it did not destroy the power of the Southern District court to rule in his case. Smith v. Campbell, supra. Instead of jurisdiction, the question becomes one of the appropriateness of the forum. Ross v. Mebane, 536 F.2d 1199, 1202 (7th Cir. 1976). The Southern District encompassed the locale of the burglary, the state trial court that convicted and sentenced McClure, and the prison holding him at the time the habeas petition was filed. The Southern District judge had reviewed the pleadings and determined that summary judgment was proper. Accordingly, the court properly proceeded to the final adjudication of the case. Cf. United States ex rel. Meadows v. New York, 426 F.2d 1176, 1182-83 (2d Cir. 1970), cert. denied, 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971).
Losing on his jurisdictional challenge, petitioner similarly fails to establish error in the lower court’s determinations of substantive law. The assortment of constitutional arguments rejected below paralleled the claims denied in state court. In denying McClure an evidentiary hearing and ordering summary judgment for respondent, the district court correetly relied on the fact findings by the state court. Pursuant to 28 U.S.C. § 2254(d), such findings reached in a full and fair state hearing need not be disturbed, absent a showing of one of the circumstances set forth in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). No such circumstances were established in the present case; the denial of a hearing was within the discretion of the district court.
Equally correct was the court’s rejection of petitioner’s various allegations of constitutional deprivations which ranged from ineffective assistance of counsel to double jeopardy. McClure’s most serious argument is that he should not have been given a stiffer sentence upon a second conviction after the first sentence and conviction was vacated due to his assertion of a constitutional right. Under such circumstances, increased prison sentences may not be imposed by a judge absent an affirmative showing that the increase did not result from vindictiveness. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This rule, however, does not apply to jury sentences where the jury is not informed of the previous sentence. Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). In the present case, the increased sentence was ordered by a jury. Further, the district court examined the trial transcript and found that the sentencing jury was not informed of petitioner’s previous sentence. Accordingly, no constitutional infirmity underlies the sentence imposed after McClure’s second conviction. Petitioner’s other constitutional claims were adequately treated in both state and federal proceedings and do not warrant discussion here. Through two convictions, habeas hearings and several appeals to the state supreme court, justice has been patient and complete for Frank McClure. The decision of the district court is
AFFIRMED.