Rondal R. FRANCIS,
Petitioner–Appellant,

v.

R.H. RISON, Warden,
Respondent–Appellee.

No. 89–55009.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 6, 1989 *.

Decided Jan. 26, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Rondal Ray Francis, Petersburg, Va., pro se.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., and Bonnie E. MacNaughton, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before SKOPIL, FLETCHER and FERNANDEZ, Circuit Judges.

SKOPIL, Circuit Judge:

Rondal Ray Francis, a federal prisoner, appeals the denial of his pro se petition for writ of habeas corpus. The district court dismissed Francis' petition because it determined that Francis failed to exhaust available administrative remedies. The court did so without a hearing and without considering Francis' excuses for failing to exhaust. We vacate and remand for further proceedings.

## I.

Francis filed this petition challenging the lawfulness of the conditions of imprisonment rather than the lawfulness of the original conviction. *See* 28 U.S.C. § 2241 (1982); *accord, Hajduk v. United States,* 764 F.2d 795, 796 (11th Cir.1985) (per curiam). At the time the petition was filed, Francis was incarcerated at Lompoc, California. Before the district court rendered its judgment, Francis was transferred to Leavenworth, Kansas. We maintain our jurisdiction, however, because "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. United States Parole Comm'n,* 754 F.2d 887, 888 (10th Cir.1985); *accord Smith v. Campbell,* 450 F.2d 829, 834 (9th Cir.1971).

## II.

Francis' claims center on three prison administrative actions taken against him. First, Francis was found guilty on January 30, 1987 of extorting and threatening prisoners. He contends that as a result of this administrative determination, his parole date was deferred. Second, Francis was given an incident report on July 9, 1987 for refusing to enter the general prison population, resulting in a loss of good time credit. Finally, Francis' parole date was rescinded on January 8, 1988 by the Parole Commission.

There is no dispute that Francis failed to exhaust his administrative remedies for the July 9, 1987 charge. Francis did file an administrative complaint with the warden, contending that he did not refuse to enter the general prison population. The warden refused to overturn the decision or the sanction. Francis did not, however, appeal the warden's decision as required by 28 C.F.R. §§ 542.10–16. It appears to us, however, that the time limitation specified in section 542.15 for appealing the warden's decision had long passed even before Francis filed this habeas petition. Thus, when the district court dismissed the petition, Francis may not have been able to complete the administrative process.[1] If this is the case, the district court should have treated Francis' failure to pursue his administrative remedies as a procedural default. *See Sanchez v. Miller,* 792 F.2d 694, 697 (7th Cir.1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987).

Francis argues that he should be excused from this procedural default. He

---

**1.** When administrative remedies are still available for any of the petitioner's claims, the entire petition must be dismissed absent extraordinary circumstances. *See Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir.1983) (per curiam); *see also Szeto v. Rushen,* 709 F.2d 1340, 1341 (9th Cir. 1983) (failure to exhaust state remedies).

contends that he can show cause for the bypass of procedures and actual prejudice arising from the default.[2] He argues generally that prison employees interfered with his access to administrative remedies. Such a showing of interference by officials is one of the ways in which a habeas petitioner may be excused for a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Oregon ex rel. Sherwood v. Gladden*, 240 F.2d 910, 911–12 (9th Cir. 1957).

We note, however, that the government has never asserted that Francis' procedural default should bar review on the merits of his habeas claims. Rather, the government has always argued that review is barred by Francis' failure to exhaust his available administrative remedies. This is quite a different argument, of course, from asserting procedural default. *See Matias v. Oshiro*, 683 F.2d 318, 321 (9th Cir.1982). In fact, in state prisoner's habeas petitions, we have held that a state waives procedural default by failing to raise it in federal court. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906 n. 1 (9th Cir. 1986); *Batchelor v. Cupp*, 693 F.2d 859, 864 (9th Cir.1982). We see no reason to treat an administrative default differently, and we therefore conclude that the government has waived Francis' procedural default.

We remand to the district court to determine whether there remain available administrative remedies that Francis could pursue. If Francis can still exhaust his administrative remedies, and cannot demonstrate any extraordinary circumstances why he should not be required to do so, the district court is instructed to reinstate its dismissal. If, however, there remain no available remedies to exhaust, Francis' failure is a procedural default. Because the government has never raised this procedur-

al default as a bar to Francis' habeas claims, the default has been waived, and the district court should reach the merits of Francis' claims.

VACATED and REMANDED.

---

2. We have not previously applied a "cause and prejudice" standard to a procedural default of administrative remedies. The standard has been applied, however, to a wide range of state procedural defaults. *See, e.g., Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir.1986) (citing cases). Although we need not

reach this issue, we can discern no reason why that standard should not be applied to procedural defaults of administrative remedies. *See San-chez*, 792 F.2d at 697–99 (extending cause and prejudice standard to procedural defaults in the administrative process).