977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fentriss M. LAWS, Petitioner-Appellant,
v.
Fred J. STOCK; United States Parole Commission,
Respondents-Appellees.
 No. 92-55311.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 19, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frentiss M. Laws, a federal prisoner, appeals pro se from the district court's dismissal of his 28 U.S.C. § 2241 habeas petition challenging the revocation of his parole by the United States Parole Commission ("Commission"). We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.
 
 
 3
 * Background
 
 
 4
 Laws was sentenced in 1958 for two bank robberies. On March 13, 1990, after a revocation hearing, the Commission revoked Laws's parole for the fourth time and set his parole date above the parole guidelines based on his multiple parole violations and on his criminal history of repeated convictions "for robbery behavior involving the use of weapons." Laws appealed the Commission's decision to the National Appeals Board ("NAB"), which affirmed the Commission's decision.
 
 
 5
 Laws then filed his first habeas petition alleging that the Commission had violated his due process rights, including failing to give him notice of the possible consequences of parole revocation. The district court, Judge Lew presiding, found that Laws had not exhausted his administrative remedies with regard to the due process issues raised in the petition and that the time to do so had lapsed. The district court concluded that Laws had procedurally defaulted and found that Laws had not shown cause for his failure to exhaust and actual prejudice resulting from the default. The district court then dismissed this first habeas petition "without prejudice to petitioner's right to file a new petition showing good cause ... and actual prejudice...."
 
 
 6
 Laws apparently did not appeal from this decision, but instead filed a second habeas petition, before Judge Hill, alleging that he had raised, and thus had exhausted, the issues in his petition because he had checked a box on the NAB appeal form which stated, "The commission did not follow correct procedure in deciding my case, and a different decision would have resulted if the error had not occurred." Laws also contended that even if he had not raised and exhausted the due process issues in his petition, he had shown "cause" because the Commission and the NAB did not inform him that his failure to timely present all his claims to the NAB could procedurally bar him from raising those claims in a habeas petition.
 
 
 7
 In adopting the magistrate judge's report and recommendation, Judge Hill declined to review Judge Lew's previous determination that Laws had procedurally defaulted by failing to timely exhaust his administrative remedies or the court's implicit conclusion that Laws's failure to exhaust should not be excused as a matter of discretion. The court then rejected Laws's remaining argument that "cause" existed because Laws was not informed that he would lose the right to raise those claims which were not timely presented to the NAB. The district court dismissed Laws's petition with prejudice. Laws timely appeals.
 
 II
 Merits
 
 8
 We review de novo the district court's denial of a petition for habeas corpus. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 9
 Under 28 U.S.C. § 2241, a federal prisoner may challenge the manner of execution of his sentence, including parole determinations by the Commission. See, e.g., Wallace v. Christensen, 802 F.2d 1539, 1551-52 (9th Cir.1986) (en banc). Before bringing a habeas petition a federal prisoner generally must exhaust any available administrative remedies. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986). The requirement that a federal prisoner exhaust administrative remedies before filing a habeas corpus petition, however, "was judicially created; it is not a statutory requirement." Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. Accordingly, if the petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding to court." Id.
 
 
 10
 If the petitioner did not properly exhaust his administrative remedies, and such remedies are no longer available, he may have procedurally defaulted on his claims. See Francis v. Rison, 894 F.2d 353, 354-55 & n. 2 (9th Cir.1990) (applying procedural default rules to administrative appeals); see generally Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. See Francis, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); Murray, 477 U.S. at 492 (cause and prejudice test applied to procedural defaults on appeal); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to pro se litigants).
 
 
 11
 Here, our review is limited to Laws's second habeas petition. In dismissing the petition, the district court properly declined to relitigate the issues of whether Laws had exhausted his administrative remedies and whether the court, as a matter of discretion, should have waived the exhaustion requirement. See Brown, 895 F.2d at 535. Moreover, the district court correctly determined that Laws had failed to show cause for his failure to timely exhaust his administrative remedies. Laws was not prevented from raising his due process claims by some external impediment, nor does his pro se status constitute cause for a procedural default. See McClesky v. Zant, 111 S.Ct. 1454, 1472 (1991); Murray, 477 U.S. at 488; Tacho, 862 F.2d at 1381. Moreover, because Laws did not demonstrate cause for the procedural default, the district court did not err by failing to consider the issue of prejudice. See Thomas v. Lewis, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3