27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rayfield EDWARDS, Defendant-Appellant.
 No. 93-7172.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1994.
Decided June 29, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CA-92-3159-3-19)
 Rayfield Edwards, appellant pro se.
 James Mixon Griffin, Office of the United States Attorney, Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rayfield Edwards appeals from the district court orders dismissing his action and denying his motion for reconsideration. Although on different grounds than the district court, we affirm the dismissal of this action and the denial of reconsideration.*
 
 
 2
 Edwards brought this action in the District of South Carolina as a motion pursuant to 28 U.S.C. Sec. 2255 (1988). The district court construed the action under Sec. 2255 and subsequently held that it had no subject matter jurisdiction because the motion attacked the execution of Edwards's sentence and was properly brought under 2241. However, prior to the district court's final order, Edwards moved to convert the motion into a habeas petition pursuant to 28 U.S.C. Sec. 2241 (1988). The district court denied the motion, finding that it had no personal jurisdiction over the Respondent warden at the federal prison in Butner, North Carolina.
 
 
 3
 The district court correctly found that Edwards's attack on the Parole Commission's decision was one pursuant to Sec. 2241. Chatman-Bey v. Thornburgh, 846 F.2d 804, 805-06 (D.C.Cir.1988) (en banc). However, the district court erred in finding itself without personal jurisdiction over the Respondent. Edwards was being held in South Carolina at the time he filed this petition. Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction. Francis v. Rison, 894 F.2d 353, 354 (9th Cir.1990). Thus, the district court erred in denying Edwards's motion to convert the action to a Sec. 2241 petition.
 
 
 4
 Nonetheless, we find that the claims made by Edwards are frivolous and subject to summary dismissal and affirm on this alternate ground. An appellate court may "affirm a judgment for any reason appearing on the record, notwithstanding that the reason was not addressed below." McMahan v. International Ass'n of Bridge, Structural & Ornamental Iron Workers, 964 F.2d 1462, 1467 (4th Cir.1992).
 
 
 5
 Edwards first complains that he was denied equal protection by his transferral from military disciplinary barracks to federal prison. Edwards, as a military prisoner, is not a member of a protected class, cf. Moss v. Clark, 886 F.2d 686, 690 (4th Cir.1989) (prisoners not a suspect class), nor is a fundamental right involved. Therefore, the only inquiry is whether the statute is rationally related to a legitimate state interest. Id. The housing of military prisoners is a federal governmental interest, and their transferral to federal prisons from military barracks is rationally related to that interest. Therefore, Edwards's first equal protection claim is without an arguable legal basis; dismissal of this claim was appropriate.
 
 
 6
 Edwards next complains that he was subjected to multiple punishments in violation of the Double Jeopardy Clause. The record reveals that Edwards has not been subjected to a second prosecution or multiple punishments for the relevant conviction. Thus, he has no basis for a double jeopardy claim. See generally Benton v. Maryland, 395 U.S. 784 (1969).
 
 
 7
 Edwards also complains that he was denied due process because he was not warned that he might forfeit his "street time" if his parole were revoked. He was not entitled to such notice. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Thus, this claim is without a legal basis also.
 
 
 8
 Edwards's final claim, made twice in his petition, is that he was denied equal protection because of the Parole Commission's forfeiture of Edwards's "street time" upon its revocation of his parole. Edwards claims that he was entitled to credit for the time spent on parole under military guidelines, and that the denial of credit under federal guidelines violated his right to equal protection of the laws. Edwards's claim is frivolous: army regulations do not grant credit for time spent on parole where that parole has been later revoked. Army Regulation 633-30 (1964 & Interim Change 1984). Edwards would have been denied credit under military parole regulations; he cannot complain that the federal regulations subjected him to treatment different than any prisoner, federal or military.
 
 
 9
 Because Edwards's claims are all frivolous, we affirm the dismissal of his complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Our affirmance of the district court's decision moots Edward's motion for an injunction; we deny it for that reason