**Soheil HATAMI–MIRI, Petitioner—Appellant,**

**v.**

**John ASHCROFT,\* Attorney General of the United States, Respondent—Appellee.**

No. 00–15784. No. 00–70469.
D.C. No. CV–98–02079–ROS.
I & NS No. A22–999–823.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2001.

Decided Aug. 22, 2001.

As Amended on Denial of Rehearing En Banc Nov. 21, 2001.\*\*

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* With this amendment, Judges Schroeder and Rawlinson voted to deny the petition for rehearing en banc, and Judge D. Nelson so recommended.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

In this consolidated appeal Soheil Hatami–Miri, a native and citizen of Iran, (1) appeals the district court's dismissal of his petition for writ of habeas corpus; (2) petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings; and (3) appeals the Legalization Appeals Unit's ("LAU") dismissal of his application for temporary resident status. We affirm the BIA and LAU decisions and dismiss the petition for a writ of habeas corpus for lack of jurisdiction.

I. Petition for Writ of Habeas Corpus

A. *Board of Immigration Appeals Order*

The district court correctly held that it did not have subject matter jurisdiction to review Hatami–Miri's claim that the BIA improperly considered his expunged criminal conviction when it declared him ineligible for asylum or adjustment of status.

The BIA entered a final order of deportation denying Hatami–Miri's claims for asylum and adjustment of status on May 24, 1989. At that time, section 106(a) of the Immigration and Naturalization Act ("INA"), codified at 8 U.S.C. § 1105a(a), granted the courts of appeals jurisdiction to "review ... all final orders of deportation [entered] ... pursuant to administra-

*** This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.

tive proceedings under section 1252(b) of this title." Hatami–Miri failed to appeal the BIA's decision to this court. Instead, he waited more than nine years before filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Although 28 U.S.C. § 2241 does not explicitly require exhaustion, as a prudential matter, we require petitioners to exhaust available judicial and administrative remedies before seeking relief under § 2241. *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001). Petitioner argues that because the exhaustion requirement is not a jurisdictional prerequisite, the failure to exhaust administrative and judicial remedies is a procedural default which may be excused if he can establish "cause" for the procedural default and "prejudice" arising from the default. *See Francis v. Rison*, 894 F.2d 353, 354–55 (9th Cir.1990). Even assuming this standard applies, petitioner fails to satisfy even the "cause" prong of the test.

■ As the Supreme Court has explained, "the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made," and will not be found "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In this case, there is no question that the BIA satisfied the statutory notice requirements by mailing notice of its decision to the address of record for petitioner's attorney. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (holding notice is proper when mailed to the address "duly recorded with the BIA"); *see also* 8 C.F.R. §§ 3.1(f) & 292.5(a). Petitioner did not receive notice of the BIA's decision within the time allowed for appeal because his attorney failed to notify the BIA of a change of address. Because an attorney's negligence is imputed to his client, Hatami–Miri is unable to establish "cause" for his procedural default. *See Lee v. INS*, 685 F.2d 343 (9th Cir.1982) (dismissing a petition for review from the BIA as untimely where petitioners did not receive timely notice of the BIA's decision because their attorney filed a change of address with the INS rather than the BIA). *Nakaranurack v. United States*, 68 F.3d 290 (9th Cir.1995), does not dictate otherwise. Rather than creating an exception to the rule that one is bound by the negligence of one's counsel, *Nakaranurack* merely declined to "impute negligence on the part of [petitioner's] attorney" without evidence that the BIA provided timely notice of its decision. *Id.* at 294.

■ Nor did the lack of notice to petitioner violate due process. The BIA complied with the applicable regulations, and the regulations are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

B. *Legalization Appeals Unit Decision*

Because we have jurisdiction to review the LAU's decision in conjunction with the BIA's denial of petitioner's motion to reopen deportation proceedings, we need not reach the question of whether the district court had jurisdiction to review the LAU's decision in a habeas petition.

II. Motion to Reopen Deportation Proceedings

A. *Withholding or Deferral of Removal under the Convention Against Torture*

■ An alien seeking deferral of removal under the Convention Against Torture

("Convention") must establish that it is more likely than not that he will be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). Relevant evidence includes: (1) evidence of past torture inflicted on the applicant; (2) evidence that the applicant could relocate to a part of the country where he or she is not likely to be tortured; (3) evidence of gross, flagrant or mass violations of human rights in the country of removal; and (4) other relevant information regarding conditions in the country of removal. 8 C.F.R. § 208.16(c)(3).

■ Hatami–Miri submitted no evidence that he would be tortured within the meaning of the Convention, let alone that it is *more likely than not* that he would be tortured if returned to Iran. He submitted no evidence that he was tortured in the past. In fact, there is no evidence, with the exception of a single statement on his asylum application that he was being "dropped out of high school" because of an anti-government speech he gave in second grade, that he was ever singled out because of his religious or political beliefs. Although Hatami–Miri testified that religious minorities in general are "hassled" by the government, there is nothing to indicate that this "hassling" constitutes torture within the meaning of the Convention. Petitioner's testimony that he read articles about harsh treatment for those convicted of narcotics trafficking is insufficient to establish a prima facie case that it is more likely than not that he would be tortured, especially because "[t]orture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions [including the death penalty]." 8 C.F.R. § 208.18(a)(3).

### B. *Suspension of Deportation*

■ Hatami–Miri's case is governed by IIRIRA's transitional rules because his case was pending prior to April 1, 1997 and the final order of deportation (the BIA's March 29, 2000 decision) was issued after October 20, 1996. *See Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000) (explaining that denial of a motion to reopen constitutes a final order of removal). Under the transitional rules, Hatami–Miri's motion to reopen is governed by the landscape of immigration law before IIRIRA. *See* IIRIRA, § 309(c)(1), 110 Stat. 3009–545, 625 (explaining that the amendments made by subtitle A—including § 304—shall not apply to aliens already in deportation proceedings as of April 1, 1997).

Pre-IIRIRA immigration law bars Hatami–Miri's motion to reopen deportation proceedings because it was not timely. The Department of Justice promulgated a regulation in 1996 (prior to IIRIRA) that imposes the same 90–day deadline on motions to reopen that is currently imposed by the IIRIRA. *See* 8 C.F.R. § 3.2(c)(2) (1996). The regulation specifically provided that a motion to reopen proceedings "must be filed not later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." *Id.* Hatami–Miri's motion to reopen was filed on April 5, 1999. The motion was therefore untimely and the district court properly rejected it.

### III. Application for Temporary Resident Status

■ We have jurisdiction to review the LAU's denial of petitioner's application for temporary resident status in conjunction with the BIA's denial of his motion to reopen deportation proceedings. *See* 8 U.S.C. § 1255a(f)(4)(A) (limiting judicial review of denial of application for adjustment of status to judicial review of an order of deportation pursuant to 8 U.S.C.

§ 1105a, as in effect before October 1, 1996); *see also Reno v. Catholic Social Servs.*, 509 U.S. 43, 55, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993) ("[section] 1255a(f)(4)(A) allows judicial review of a denial of adjustment of status only on appeal of 'an order of deportation' "); *Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000) (ruling that denial of motion to reopen is a final order of deportation subject to judicial review).

 Under INA § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C), any alien who the INS knows or has reason to believe "is or has been an illicit trafficker in any controlled substance" is inadmissible. In this case, petitioner testified at a hearing before an immigration judge that he had been convicted of unlawfully distributing approximately one pound of heroin. In addition, the record contains newspaper articles detailing his involvement in the sale of large amounts of heroin. This evidence was more than sufficient to give the INS reason to believe that the petitioner has been an illicit trafficker in a controlled substance.

Based on the foregoing, we AFFIRM the BIA's denial of Hatami–Miri's motion to reopen and the LAU's dismissal of his application for temporary resident status, and DISMISS the petition for writ of habeas corpus for lack of jurisdiction.