Samuel C. **MILLER**, Plaintiff-Appellant,

v.

Hon. Melvin **LAIRD** et al., Defendants-Appellees.

No. 71–2705.

United States Court of Appeals,
Ninth Circuit.

July 18, 1972.

Rehearing Denied Aug. 22, 1972.

Charles R. Khoury, Jr. (argued), San Diego, Cal., for plaintiff-appellant.

Robert Filsinger, Asst. U. S. Atty. (argued), Frederick B. Holoboff, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for defendants-appellees.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Miller's second amended petition for writ of habeas corpus was denied by the district court and he appeals. We reverse and remand for further proceedings.

A Navy enlisted man since 1967, Miller had served in the western Pacific before determining in February 1970 that he considered himself a conscientious objector. While his claim for release from military service was being processed, Miller was advised, in May 1970, that he would be ordered to overseas service with his unit. He refused to board his ship and, in August 1970, filed his first petition for habeas corpus, naming as respondents the appellees Laird and Chafee and the commanding officer of the San Diego Naval Air Station. He sought, inter alia, discharge from the service, an injunction against the institution of court martial proceedings against him and his removal from the jurisdiction, and a declaratory judgment that his overseas orders in May were issued in violation of law and regulations.

Appellant amended his petition in October 1970 on the eve of threatened court martial proceedings, seeking essentially the same relief. He alleged that the Chief of Naval Personnel and others

had by delay and paper-shuffling deliberately frustrated Miller's efforts to obtain a decision on the merits of his application for discharge. A temporary restraining order was refused and a hearing date of October 21 was assigned. The case was taken off the court's calendar on the court's motion and a response was ordered by December 11, 1970. The latter asserted that final Navy action on Miller's application would await determination of the pending court martial proceeding and the nature of the discharge to be ordered.

The court martial was convened and Miller was convicted in December of missing a military movement, in violation of Article 87, Uniform Code of Military Justice. He was sentenced to a bad conduct discharge, confinement for nine months, forfeiture of pay and allowances, and reduction in rank.

While he was in the brig in San Diego, Miller lodged with the clerk on April 5, 1971 a Second Amended Petition for writ of habeas corpus. On the following day the Navy transferred him to Portsmouth, New Hampshire for confinement.

The government opposed the filing of the latest petition; the court held a hearing and, on June 1, 1971, ordered the paper to be filed. The court denied the petition on July 28, 1971, holding it lacked jurisdiction because Miller was not then in the custody of any person within the judicial district citing Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971).

Miller has served his sentence, his conviction having been affirmed on military appeal, and he has exhausted his administrative remedies. The federal court retained habeas corpus jurisdiction to "dispose of the matter as law and justice may require," despite Miller's discharge. *See, e. g.,* Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Brown v. Resor, 407 F.2d 281 (5th Cir. 1969). For example, if Miller was wrongfully denied an administrative discharge as a conscientious objector, his court martial conviction may be invalid under United States v. Noyd, 18 U.S.C.M.A. 483, 40 C.M.R. 195. *Cf.* Parisi v. Davidson, 405 U.S. 34, 42, 44–45 n. 13, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972).

The question before us is simply stated: did the filing of the second amended petition relate back to the date of the original petition, so as to keep jurisdiction in the district court notwithstanding the removal of the appellant from the district? We hold that it did, that the district court did have jurisdiction, and that the cause must be remanded for a hearing on the merits.

After the district court had entered its order of July 28, 1971, we held in Smith v. Campbell, 450 F.2d 829 (9th Cir. 1971), that the involuntary removal of a petitioner from the district does not defeat jurisdiction if it had attached at the time the petition was filed. We distinguished Schlanger v. Seamans, *supra* which held that the extra-territorial service of process provisions of the statute could not be used to create jurisdiction when it did not exist at the time of the filing of the action. District Judge Ferguson, writing for the court, said:

> "However, the Court did not suggest that once jurisdiction to consider the merits of a habeas corpus petition is first properly established, § 1391(e) could not be used to join indispensable parties."

Smith v. Campbell, *supra,* at 834.

The government argues that jurisdiction was lost because the second amended petition was merely *lodged* with the clerk prior to Miller's removal to New Hampshire, and not *filed* until the district court permitted it on June 1, 1971. The filing of the second amended petition related back to the date of the original petition, under Rule 15(c), Rules of Civil Procedure. Further, we observe that the original petition had not been dismissed and the action was still pending. The transfer of Miller to New Hampshire would not rob the court of jurisdiction over his person, which at-

tached when the original petition for habeas corpus was filed.

Justice would miscarry if jurisdiction could be defeated by removing a petitioner from the district after he has filed his petition for habeas corpus and is awaiting response by the government or action by the court. The transaction of which Miller complained in his later petitions was virtually the same as in the first, though it had become aggravated by the action, or lack of it, by the Chief of Naval Personnel and the convening of the court martial.

Parisi v. Davidson, 405 U.S. 34, 92 S. Ct. 815, 31 L.Ed.2d 17 (1972), now requires federal courts to proceed with habeas corpus claims even though court martial proceedings are pending. If Miller was entitled to prevail on the merits of his conscientious objection claim, he should not suffer adverse legal consequences because the district court did not act upon that claim in a timely fashion.

Reversed and remanded for a hearing on the merits of Miller's claims.