Dwight O. DOW, Petitioner–Appellant,

v.

CIRCUIT COURT OF the FIRST CIR-
CUIT, through the Honorable Wendell
K. HUDDY, Criminal Administrative
Judge, et al., Respondent–Appellee.

No. 92–15128.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1993.

Decided June 10, 1993.

Earle A. Partington, Partington & Foley, Honolulu, Hawaii, for petitioner-appellant.

Wallace W. Weatherwax, Deputy Pros. Atty., City and County of Honolulu, Honolu-lu, Hawaii, for respondents-appellees.

Before: GOODWIN, TANG, and NOONAN, Circuit Judges.

PER CURIAM:

Dow appeals the denial of a writ of habeas corpus, 779 F.Supp. 139. The district court found that it lacked jurisdiction to entertain this petition, holding that mandatory class attendance does not amount to a severe re-straint on an individual's liberty and that appellant is therefore not "in custody" within the meaning of 28 U.S.C. § 2254(a). We reverse.

Appellant was convicted by a Hawaii state court of one count of driving under the influ-ence. He was sentenced to a $250 fine, a ninety-day suspension of his driver's license, and fourteen hours of attendance at an alco-hol rehabilitation program. Attendance at the rehabilitation class could be scheduled by appellant over either a three-day or five-day

period. Following his exhaustion of state appeals, appellant sought habeas corpus relief on the ground that, in obtaining his conviction, the state had violated the Double Jeopardy Clause.

To invoke federal habeas corpus review, the petition must be "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The only question before us is whether the requirement of class attendance amounts to "custody" under 28 U.S.C. § 2254(a).

■ Although appellant is not subject to incarceration, the custody requirement of section 2254 may be met even if the petitioner is not physically confined. *Jones v. Cunningham*, 371 U.S. 236, 239–40, 83 S.Ct. 373, 375–76, 9 L.Ed.2d 285 (1963). A petitioner on parole, for example, is "in custody" within the meaning of section 2254, because the parole restrictions "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Id.* at 243, 83 S.Ct. at 377. Similarly, a petitioner who is released on his own recognizance pending appeal is also "in custody" due to "the conditions imposed on petitioner as the price of his release." *Hensley v. Municipal Court*, 411 U.S. 345, 348–49, 93 S.Ct. 1571, 1573, 36 L.Ed.2d 294 (1973). *See also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300–02, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984) (release on recognizance pending retrial); *Lefkowitz v. Mewsome*, 420 U.S. 283, 286, 95 S.Ct. 886, 888, 43 L.Ed.2d 196 (1975) (release on bail pending appeal). Therefore, to satisfy the custody requirement, petitioner must demonstrate that he is subject to a significant restraint upon his liberty "not shared by the public generally." *Jones*, 371 U.S. at 240, 83 S.Ct. at 376.

■ The sentence in this case, requiring appellant's physical presence at a particular place, significantly restrains appellant's liberty to do those things which free persons in the United States are entitled to do and therefore must be characterized, for jurisdictional purposes, as "custody." Appellant "cannot come and go as he pleases." *Hensley*, 411 U.S. at 351, 93 S.Ct. at 1575. Moreover, appellant suffers a greater restraint upon his liberty—mandatory class attendance—than the restraint suffered by a person who is released upon his own recognizance. *See id.* at 351–53, 93 S.Ct. at 1574–76 (holding that person released on recognizance is "in custody"). Because appellant is in custody within the meaning of 28 U.S.C. § 2254, he is entitled to invoke federal habeas corpus jurisdiction.

The district court's judgment is reversed and the cause is remanded for further proceedings on the merits of the petition.

REVERSED and REMANDED.