Robert E. HENRY, Petitioner–Appellee,

v.

Daniel LUNGREN, California State Attorney General, Respondent–Appellant,

Wayne Estelle, Respondent.

No. 97–56215.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1998.

Decided Jan. 15, 1999.

David F. Glassman, Deputy Attorney General, Los Angeles, California, for the respondent-appellant.

Robert E. Henry, Pro Per, Oxnard, California, and Everett B. Clary, O'Melveny & Myers, Los Angeles, California, for the petitioner-appellee.

Before: FLETCHER, THOMPSON, and McKEOWN, Circuit Judges.

McKEOWN, Circuit Judge:

The Attorney General of the State of California appeals from the district court's grant

of Robert E. Henry's petition for habeas corpus. Under 28 U.S.C. § 2241(c)(3), the district court had jurisdiction to entertain Henry's petition for a writ of habeas corpus only if he was "in custody" when the petition was filed. Because Henry was not "in custody" at the time he filed the present petition, the district court lacked jurisdiction and therefore we reverse.

This case has a long history that is best summarized in the previous opinions. *Henry v. Estelle*, 33 F.3d 1037 (9th Cir.1994) (per curiam), *rev'd sub nom. Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam).

■ Henry, a convicted sex offender, filed his first habeas petition in federal court in 1990. After the Supreme Court held that he had not properly exhausted his claims in state court, 513 U.S. at 366, 115 S.Ct. 887, upon remand in 1995, the district court dismissed the petition without prejudice. In an effort to satisfy the exhaustion requirement, Henry refiled in state court; his petition was denied. Henry then filed the present petition on March 17, 1997, after his release from prison and after his discharge from parole. Henry argues that he was in actual, physical custody when he filed the petition, claiming that the date he filed the earlier habeas petition-not the date of the present petition-determines whether he satisfied the "in custody" determination. We disagree. The district court's dismissal of Henry's original petition for failure to exhaust state remedies "terminated the litigation." *Farmer v. McDaniel*, 98 F.3d 1548, 1552 (9th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1474, 137 L.Ed.2d 686 (1997). The relevant date is the date on which Henry filed the present, second petition.

■ This case presents the novel question of whether the filing of the second habeas petition, following dismissal without prejudice of the first petition, relates back to the date of the first petition. The Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States." Fed.R.Civ.P. 81(a)(2). Rule 15(c)(2) provides for the relation back of an amended pleading to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). Henry's filing of the second petition does not, however, relate back under Rule 15(c)(2) to the filing date of the original habeas petition. The district court did not expressly or impliedly retain jurisdiction over Henry's original petition when the court dismissed for failure to exhaust. Because Henry's original habeas action was dismissed in 1995, there was no pending petition to which Henry's new 1997 petition could relate back or amend. *See Lefkowitz v. Fair*, 816 F.2d 17, 22–23 (1st Cir.1987) (holding district court did not retain jurisdiction over habeas petition after dismissing petition without prejudice for failure to exhaust state remedies and not expressly or impliedly retaining jurisdiction); *but see Williams v. Vaughn*, 3 F.Supp.2d 567, 578 (E.D.Pa.1998) (holding that filing of second amended petition relates back under Fed.R.Civ.P. 15(c) to original filing date of first habeas petition, which was dismissed without prejudice to refile after exhausting state remedies).

■ To hold that Henry's present petition relates back to his original petition would defeat the very purpose of habeas relief: "to effect release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 486 n. 7, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Although a petitioner's release from custody does not moot a pending habeas petition, *Carafas v. LaVallee*, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), Henry was released *before* he filed the petition that is before us. Because of this circumstance, there is no custody from which he could be released. And, because his original petition was dismissed, Henry's circumstances are unlike those presented in *Miller v. Laird*, 464 F.2d 533 (9th Cir.1972), in which we held that an amended habeas petition related back to the date of the original petition and the district court retained jurisdiction where "the original petition had not been dismissed and the action was still pending." *Id.* at 534.

Henry also argues that he is still "in custody" because, as a convicted sex offender, he is now required under California law to reg-

ister annually with law enforcement authorities. Henry claims that the lifetime registration requirement is tantamount to perpetual "custody." The Attorney General counters that registration under a so-called "Megan's law" is not "custody" for purposes of federal habeas relief. On the day of oral argument in this case, another panel of this Court filed its opinion on this very issue, holding that such a petitioner is not "in custody" and is precluded from federal habeas relief. *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir.1998). The reasoning of *Williamson* is controlling.

The only material difference between *Williamson* and this case is that the Washington sex offender law applies to Williamson, whereas California law applies to Henry. *Compare* Wash. Rev.Code § 9A.44.130 *with* Cal.Penal Code § 290. The laws are very similar in their essentials, each requiring a convicted sex offender to provide address and other background information, fingerprints, and a photograph to the local law enforcement authority. California law is more restrictive in requiring annual registration; Washington requires a one-time registration upon release from custody, coupled with an annual address verification procedure. Both states require an individual to reregister upon change of address. Henry claims the California law requires in-person registration, although that is not spelled out in the statute.

The minimal differences between the two statutes do not justify a different result for Henry. Registration, even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner "in custody" for the purposes of federal habeas corpus relief. *See generally Jones v. Cunningham*, 371 U.S. 236, 242–43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Instead, the registration requirement is merely a collateral consequence of conviction that is "not [itself] sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam).

---

* Hon. Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by desig-

---

Because the district court lacked jurisdiction over the petition for habeas corpus, we reverse and we need not address the other issues raised on appeal.

REVERSED.