**Ralph Edward CRENSHAW, Petitioner–Appellant,**

v.

**Susan HUBBARD, Respondent–Appellee.**

No. 99–56262.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2000[1].

Decided Feb. 7, 2001.

Before BROWNING, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM[2]

Ralph Crenshaw appeals the district court's dismissal of his habeas corpus petition as untimely under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. We affirm.

■ Crenshaw filed his second habeas petition outside of the AEDPA's one-year limitation period for state prisoners to file habeas petitions in federal court. He contends that his second petition is timely because it relates back to an earlier habeas petition that was filed within the one-year period. Fed.R.Civ.P. 15(c)(2) provides for the relation back of an amended pleading

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to the date of the original pleading when "the claim ... in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R.Civ.P. 15(c)(2). When an original habeas petition has been dismissed for failure to exhaust state remedies, however, the filing of a second petition does not relate back under Rule 15(c)(2) to the filing date of the original petition. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000); *Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir.2000). When an original habeas action is dismissed, there is no pending petition to which a second petition can relate back or amend. *See Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999).

Crenshaw contends that the district court retained jurisdiction over the original petition because it granted him leave to withdraw his petition "without prejudice to renewal." Crenshaw is wrong to read into the district court's language a special assurance of continuing access to the district court regardless of the time limit specified in the AEDPA. We find no evidence in either the language of the court's order granting Crenshaw's request to withdraw his petition or in the record of the original proceeding that the court intended to retain jurisdiction. The language used by the district court in granting Crenshaw's request is unremarkable; Crenshaw could apply to the district court anew when he had exhausted his state remedies *and* if he brought his new petition within the AEDPA's one-year statute of limitations. *See Lefkowitz v. Fair*, 816 F.2d 17, 21–23 (1st Cir.1987) (rejecting petitioner's argument that the district court retained jurisdiction over his habeas petition because it dismissed the petition without prejudice and told the petitioner he was "free ... to petition again" if unsuccessful in state court); *see also Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir.1959) ("[A] suit dismissed without prejudice pursuant to rule 41(a)(2) leaves the situation as if the suit had never been brought in the first place.").

Crenshaw acknowledges that unless the district court intended to retain jurisdiction over his claims, his second petition is outside of the statute of limitations. He argues that we should interpret the district court order in his favor because otherwise the district court dismissed his case without warning him that he would be subject to the AEDPA's limitations bar. It was not the district court's responsibility, however, to warn Crenshaw that his claims might be time barred. The effect of the statute of limitations was not briefed by either party and was not an issue before the district court when it dismissed the original petition. The AEDPA's statute of limitations is an affirmative defense. A district court may raise the defense *sua sponte*, but it is not required to do so. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir.1999). It was Crenshaw's responsibility, not the district court's, to consider the possibility that all his claims might be time barred if he voluntarily dismissed his petition and then returned to federal court too late. A lack of knowledge of the law is not an "extraordinary circumstance" beyond the petitioner's control sufficient to entitle Crenshaw to equitable tolling of the limitations period. *See Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D.Cal.1998). Accordingly, the decision of the district court to dismiss Crenshaw's petition as untimely is AFFIRMED.

BROWNING, Circuit Judge, concurring.

I concur in the result. I write separately to suggest the wisdom of adopting a mandatory warning requirement for pro se habeas litigants regarding AEDPA's one-year limitations period.

As even the most seasoned of lawyers knows, AEDPA is a confusing, at times impenetrable statute. It imposes stringent procedural rules on habeas petitioners, with often harsh results. To alleviate the burden on pro se litigants, our Circuit has followed the Second and Third Circuits in requiring district courts to provide mandatory prophylactic "notice" measures to advise pro se petitioners of the consequences of certain AEDPA procedural provisions that may foreclose consideration of their claims on the merits. *See United States v. Seesing,* Nos. 98–30233, 98–36189, slip op. at 1232 (9th Cir. Jan. 29, 2001) (mandatory warning regarding consequences of "second or successive petition" rule when recharacterizing motions under § 2255); *Adams v. United States,* 155 F.3d 582, 584 (2nd Cir.1998) (per curiam) (same); *United States v. Miller,* 197 F.3d 644, 646, 652 (3d Cir.1999) (same), *Mason v. Meyers,* 208 F.3d 414, 418 (3d Cir.2000) (same, under § 2254). The Second Circuit has suggested the same concerns warrant a mandatory warning requirement for pro se litigants with respect to AEDPA's one year statutory limitations period, the issue involved here. *Adams,* 155 F.3d at 584 n. 2. I agree and urge adoption of such a rule in this Circuit.

I also write to reaffirm our *Henry v. Lungren,* 164 F.3d 1240, 1241 (9th Cir. 1999), holding that an untimely petition may "relate back" to an earlier petition under Fed.R.Civ.P. 15(c)(2) where a district court *impliedly* retains jurisdiction. While there is insufficient evidence of implied retention of jurisdiction in this case, courts need not limit the inquiry to ex-

press statements by district courts in the record.[3]

---

**3.** Reliance on *Lefkowitz v. Fair,* 816 F.2d 17 (1st Cir.1987), is misplaced. *Lefkowitz* was pre-AEDPA, concerned custodial status rather than statutory limitations periods, and justified its rejection of petitioner's "implied re-

tention of jurisdiction" argument largely on the ground that the petitioner "was represented by seasoned counsel throughout the proceedings." *Id.* at 23. The same was not true here.