Reginald Glenn CRATHIN,
Petitioner–Appellant,

v.

Ernest C. ROE, Warden, Respondent–
Appellee.

No. 01–56831.

D.C. No. CV–00–01176–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.[*]

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM [**]

California state prisoner Reginald Glenn Crathin, serving a 280–month sentence for three counts of first-degree robbery of a vehicle for hire, appeals pro se the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of a section 2254 petition, and we affirm.

Crathin contends he was prejudiced by an erroneous jury instruction on flight. We conclude that the district court correctly determined that the error was harmless because Crathin failed to demonstrate that the instruction had a substantial and injurious effect or influence in determining the verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Crathin also contends that his trial counsel was ineffective for failing to object to aggravating factors presented at his sentencing hearing. Given that the factors were supported by the record, and that counsel argued against imposing a sentence using the factors, we conclude counsel's performance was not deficient. *See Strickland v. Washington,* 466 U.S. 668, 688–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

James Guylie WOODS, Petitioner–
Appellant,

v.

Terry L. STEWART, et al.,
Respondents–Appellees.

No. 02–15481.

D.C. No. CV–00–00295–WDB.

United States Court of Appeals,
Ninth Circuit.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, to the extent that Crathin requests oral argument, that request is denied.

[**] This disposition is not appropriate for publication and may not be cited to or by the

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

James Guylie Woods, an Arizona state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Woods contends that the district court erred by denying his section 2254 petition as time-barred because this petition should relate back to his previously dismissed petition. A review of the record reveals that Woods' initial petition was dismissed after the district court warned him that failure to submit an *In Forma Pauperis* application or a filing fee would result in a dismissal of the petition. Woods nevertheless failed to comply, and the petition was dismissed without prejudice.

We conclude that because the petition was properly dismissed, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), there was no pending petition to which Wood's new petition could relate back or amend. *See Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999). Ac-

cordingly, the district court's dismissal is **AFFIRMED.**

**Kent Hamilton CARTER, Petitioner–Appellant,**

v.

**John LAMBERT, Respondent–Appellee.**

**No. 02–35127.**

**D.C. No. CV–01–05074–JLQ.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.