**Michael LISKA, Petitioner—Appellant,**

v.

**Terry STEWART, et al., Respondents—Appellees.**

No. 02–16207.

D.C. No.CV–00–00088–DCB.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2003.*

Decided April 1, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

Michael Liska ("Liska") appeals the district court's denial of his petition for a writ of habeas corpus. Liska was convicted in 1982, in Arizona state court, of one count of sexual exploitation of a minor and of three counts of sexual conduct with a minor under age fifteen. He contends that his trial counsel provided ineffective assistance of counsel before and during trial and during his sentencing hearing by failing to interview and call witnesses who would have impeached key prosecution witnesses and presented evidence favorable to the defense, by failing to make certain evidentiary objections before and after trial, by failing to submit jury instructions, and by failing to introduce relevant mitigation evidence at sentencing. We affirm.[1]

### I.

Because Liska filed his habeas petition in 2000, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies.[2] Under AEDPA, we must determine whether the state court proceedings in this case "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Here, we look to the decision of the Arizona Court of Appeals, which is the state's "last reasoned decision," in determining whether the state court's decision was "contrary to" federal law, *see Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir.2002), *petition for cert. filed*, —— U.S. ——, 123 S.Ct. 1571, 155 L.Ed.2d 308 (2003), and we conclude that it was not.

The Arizona Court of Appeals applied *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review *de novo* the district court's denial of Liska's habeas petition. *Luna v. Cambra*, 306 F.3d 954, 959 (9th Cir.), *amended by* 311 F.3d 928 (9th Cir.2002). We also review *de novo* Liska's ineffective assistance of counsel claim, which presents a mixed question of law and fact. *See Jennings v. Woodford*, 290 F.3d 1006, 1011 (9th Cir.2002), *petition for cert. filed*, 71 U.S.L.W. 3319 (U.S. Oct. 16, 2002) (No. 02–597). We review the district court's factual findings for clear error. *Id.*

2. Liska filed two prior habeas petitions in 1986 and 1990, prior to AEDPA's effective date. Because the district court dismissed these petitions for failure to exhaust state remedies, however, Liska's third petition does not "relate back" to the dates of these petitions. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir.2000) (citing *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999)). Moreover, Liska's third petition is not a "successive petition" because his two prior petitions were "unadjudicated on [their] merits and dismissed for failure to exhaust state remedies." *Slack v. McDaniel*, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

controlling Supreme Court authority on ineffective assistance of counsel claims, *see Avila,* 297 F.3d at 918, to Liska's claims, and concluded that Liska was not prejudiced by his counsel's performance at trial. We agree. Under *Strickland,* Liska must show (1) that his attorney's performance was "deficient"; that is, that the representation "fell below an objective standard of reasonableness," 466 U.S. at 687–88, 104 S.Ct. 2052, and (2) that the deficient performance prejudiced his defense; that is, "there is a reasonable probability[3] that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 687, 694, 104 S.Ct. 2052. Counsel is presumed to have rendered effective assistance and to have exercised "reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; *see also Pizzuto v. Arave,* 280 F.3d 949, 954 (9th Cir.2002).

■■■ We need not resolve whether Liska's counsel's performance was deficient because, even assuming it was, we agree with the Arizona Court of Appeals and the district court that there was no prejudice. There was ample evidence in the record – including testimony from the victim, the victim's brother, and the victim's sister that there was sexual conduct between Liska and the victim and numerous photographs belonging to Liska that depicted sexual activity between boys and images of nude boys, including the victim – from which the jury could reasonably conclude that Liska was guilty of the alleged crimes. Liska also failed to demonstrate prejudice by his counsel's failure to submit jury instructions as he did not demonstrate that there was an instructional error or that there was a reasonable probability of a different result had his counsel submitted jury instructions. Moreover, in light of the aggravating circumstances in this case – the emotional harm to the victim, that the molestation occurred over a long period of time, the exploitation of children other than the victim, Liska's prior felony convictions for child molestation and motorcycle theft, and Liska's long history of taking pornographic pictures of nude boys – it is unlikely that Liska's attorney's failure to present additional mitigating evidence, if indeed there was any, was prejudicial. *See Bonin v. Calderon,* 59 F.3d 815, 836 (9th Cir.1995) (holding that "where the aggravating circumstances are overwhelming, it is particularly difficult to show prejudice at sentencing due to the alleged failure to present mitigation evidence"); *Pizzuto,* 280 F.3d at 968–69 (holding that failure to prepare for a sentencing hearing is not prejudicial under *Strickland* absent a showing of a reasonable probability that more preparation and investigation before sentencing would have affected the outcome).

## II.

We affirm the district court's denial of Liska's habeas petition because we conclude that the Arizona Court of Appeals reasonably applied clearly established law regarding Liska's ineffective assistance of counsel claim.[4]

AFFIRMED.

---

3. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

4. We also deny Liska's request to remand the case to the district court for an evidentiary hearing on his ineffective assistance of counsel claim. *See Pizzuto,* 280 F.3d at 973 (hold-

ing that an evidentiary hearing was not neces-
sary where there was no need to develop the
factual record with respect to an ineffective
assistance claim and the petitioner failed to
make a "colorable claim warranting" a hear-
ing).