**John Jeffrey REINER, Petitioner–Appellant,**

v.

**Calvin REMINGTON, Probation Officer, Respondent–Appellee.**

No. 06–55726.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

John Jeffrey Reiner, Los Angeles, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Michelle J. Contois, Esq., Office of the District Attorney, Ventura, CA, for Respondent–Appellee.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

John Jeffrey Reiner appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Reiner contends that the district court erred in dismissing his § 2254 petition based on its finding that he was no longer "in custody." We disagree. It is a statutory jurisdictional prerequisite that habeas applicants be in custody at the time of filing. *See* 28 U.S.C. § 2254(d). Reiner's probation expired on May 18, 2004. He filed the instant § 2254 petition on October 22, 2004. Accordingly, Reiner was not "in custody" at the time of filing, and the district court was correct in finding that it lacked subject-matter jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Reiner's contention that he remains in "constructive custody" due to his disbarment and consequences thereof fails because "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492, 109 S.Ct. 1923; *see also Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir.1998) (the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the "in custody" requirement).

We also reject Reiner's contention that the instant petition relates back to his original § 2254 petition filed on May 10, 2004, while he was still on probation. Reiner's original petition contained only unexhausted claims and was dismissed without prejudice. Accordingly, there was no pending petition to which his instant petition could relate back. *See Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999). Reiner's contention that the district court "impliedly stayed" his 2004 petition and thereby retained jurisdiction over it is belied by the record. The district court did not stay Reiner's original petition nor should it have done so. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

To the extent that Reiner raises issues not included in the certificate of appealability ("COA"), we construe such contentions as a motion to broaden the COA, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–1105 (9th Cir.1999) (per curiam).

Reiner's request for judicial notice is denied as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.