**Jorge Jesus GOMEZ, Petitioner–Appellant,**

v.

**James WALKER, Respondent–Appellee.**

No. 07–55365.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009 *.

Filed April 23, 2009.

W.C. Melcher, Esquire, Melcher, Melcher & Melcher, Woodland Hills, CA, for Petitioner–Appellant.

Jorge Jesus Gomez, pro se.

Angela Borzachillo, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Jorge Jesus Gomez appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gomez contends that the district court erred by dismissing the instant habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, because the petition "relates back" to a prior federal habeas petition that contains the same grounds for relief. We disagree. *See Henry v. Lungren,* 164 F.3d 1240, 1241 (9th Cir.1999) (explaining that a second federal habeas petition filed after the dismissal without prejudice of an earlier federal habeas petition cannot be deemed to "relate back" to the filing date of the earlier petition, because there is no pending petition to which the new petition could relate back).

Gomez also contends that he is entitled to equitable tolling of the AEDPA's limitations period. Gomez fails to demonstrate that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in the way of his timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Espinoza–Matthews v. California,* 432 F.3d 1021, 1026 (9th Cir. 2005) (stating that the defendant "bears the burden of showing that equitable tolling is appropriate").

**AFFIRMED.**