**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **DANIEL KRISTOPHER LARSON,** | No. 10-35617 |
| Petitioner-Appellant, | D.C. No. 2:09-cv-01453-TSZ |
| v. | |
| **PATRICK GLEBE,** | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted October 14, 2011[**]
Seattle, Washington

Before: **BEEZER** and **PAEZ**, Circuit Judges, and **COLLINS**, District Judge.[**]

Daniel Larson brings this habeas petition pursuant to 28 U.S.C. § 2254 to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

1

challenge his convictions for both first and second degree murder for the death of Anastasia King. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the district court's decision to deny the petition *de novo*. Lambert v. Blodgett, 393 F.3d 943, 964 (9th Cir. 2004).

The district court erred in concluding that Larson was not "in custody" under his conviction for second degree murder. A petitioner is "in custody" for the purposes of Section 2254 if "he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993) (quoting Jones v. Cunningham, 371 U.S. 236, 240 (1963)). Here, Larson is "in custody" on his first conviction because the possibility of a double jeopardy violation flows from it and constitutes a significant restraint on his liberty.

The deferential standard of review set out in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to this case because the Washington Court of Appeals ruled on the merits of Larson's claims. See Barker v. Fleming, 423 F.3d 1085, 1092 (9th Cir. 2005). Here, the Washington Court of Appeals considered Larson's double jeopardy by multiple convictions claim and denied relief summarily by reference to its earlier denial of his multiple prosecution claim. The court's decision is a decision on the merits for AEDPA purposes. See Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (ruling on the merits without citing to federal

2

precedent); <u>Harrington v. Richter</u>, 131 S.Ct. 770, 784-85 (2011) (ruling on the merits without discussing claim at all).  Therefore, the AEDPA standard of review applies.

AEDPA provides that relief can be granted on claims denied on the merits only if the state court's adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  The Washington Court of Appeals conclusion that Larson waived his double jeopardy rights was reasonable because the court could conclude that  the "non-compliance" provision in his plea agreement was the equivalent of a waiver.  <u>See</u> <u>Ricketts v. Adamson</u>, 483 U.S. 1 (1987); <u>Wainwright v. Witt</u>, 469 U.S. 412, 426 (1985).  In addition, there is no clearly established federal rule that a trial court confronted with a reinstatement of charges after waiver of multiple prosecutions must vacate the earlier plea.

Accordingly, we affirm the denial of habeas relief.

**AFFIRMED.**