**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN ROBERT DECK, | No. 22-55923 |
| Petitioner-Appellant, | D.C. No. 8:21-cv-01525-MWF-SP |
| v. | |
| STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 14, 2023
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Stephen Robert Deck appeals a district court order denying his 28 U.S.C. § 2254 petition for lack of jurisdiction because the sex offender registration conditions with which Deck must comply do not constitute "custody" within the meaning of the federal habeas statute. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. §§

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1291 & 2253, and we affirm.

The purpose of habeas relief is "to effect release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 486 n.7 (1973). Accordingly, a district court's jurisdiction to entertain § 2254 petitions is limited to petitioners who are in custody and challenge the lawfulness of their custody. *Munoz v. Smith*, 17 F.4th 1237, 1241 (9th Cir. 2021). Whether sex offender registration conditions are sufficiently restrictive to constitute "custody" depends primarily on "'whether the legal disabilit[ies] in question somehow limit[] the putative habeas petitioner's movement' in a 'significant' way." *Id.* at 1242 (quoting *Williamson v. Gregoire*, 151 F.3d 1180, 1183–84 (9th Cir. 1998)). We recently addressed this issue in *Munoz*, where the putative petitioner challenged Nevada's imposition of lifetime supervision requiring him to register in person "every few months," to pay a $30 monthly fee, to be subject to electronic monitoring, to reside only at locations approved by his parole officer, and to keep his parole officer informed of his current address. *Id.* at 1238–39, 1246. We held that "these conditions do not severely and immediately restrain the petitioner's physical liberty," and thus do not constitute "custody." *Id.* at 1239.

Under our case law and on this record, Deck has not made the required showing that the applicable restrictions rise to the level of "custody." Although Deck is required to re-register in person annually, we have held that "[r]egistration,

2

even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief." *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999) (holding that California's then-operative registration conditions did not constitute "custody").

Deck enumerates several disclosure and notification requirements, as well as limitations imposed on him by third parties such as the federal government, other states, and private companies. Deck also argues that he is ineligible for certain types of employment, services, and benefits. Deck contends that these restrictions, considered cumulatively, are sufficient to constitute custody. But most of these collateral consequences have little to no bearing on Deck's freedom of movement, and none of them severely and immediately restrain his physical liberty. *See Maleng v. Cook*, 490 U.S. 488, 491–92 (1989) (per curiam) (explaining that "collateral consequences" such as a petitioner's "inability to vote, engage in certain businesses, hold public office, or serve as a juror" "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack").

We are not persuaded by Deck's arguments based on *Dow* and *Piasecki*. *See Dow v. Cir. Ct. of the First Cir. ex rel. Huddy*, 995 F.2d 922 (9th Cir. 1993) (per curiam); *Piasecki v. Ct. of Common Pleas*, 917 F.3d 161 (3d Cir. 2019). *Dow* held that a sentence requiring fourteen hours of attendance at an alcohol rehabilitation

3

program restricted the petitioner's physical liberty enough to amount to "custody." *Dow*, 995 F.2d at 923. But, unlike here, the rehabilitation sentence in *Dow* specified a particular period during which the defendant was required to be at a closely supervised location from which he was not free to leave. *Henry* and *Munoz* both held, after *Dow*, that a reasonable requirement to re-register in person, without more, does not render a petitioner "in custody." *See Munoz*, 17 F.4th at 1246; *Henry*, 164 F.3d at 1242. Deck has not shown that the frequency with which he is required to re-register in person renders him "in custody."

This case is also unlike *Piasecki*, in which the Third Circuit held that the conditions Pennsylvania imposed on a putative habeas petitioner were sufficiently restrictive to constitute "custody." *See* 917 F.3d at 163. We acknowledge that many of the restrictions Deck faces are similar to those considered in *Piasecki*. Like the petitioner in *Piasecki*, Deck must re-register in person at regular intervals and when he moves. *Id.* at 164. Piasecki "was required to be in a certain place or one of several places" during in-person registration, and the Third Circuit reasoned that "the state's ability to compel a petitioner's attendance weighs heavily in favor of concluding that the petitioner was in custody." *Id.* at 170 (internal quotation marks and citation omitted). Deck argues that the same logic applies to California's in-person registration requirement, and that Deck's "failure to abide

4

by the restrictions [is] itself a crime," as in *Piasecki*. *Id.* at 171 (internal quotation marks omitted); *see* Cal. Penal Code § 290.018(b).

These arguments are unavailing. As we observed in *Munoz*, "*Piasecki*'s analysis was consistent with our own precedent, but simply confronted far more severe restrictions." 17 F.4th at 1244. Deck's baseline in-person registration is only annual. Further, the statute in *Piasecki* imposed other in-person re-registration requirements that Deck has not shown apply to him. *See id.* at 164–65, 170.

Because Deck has not shown that the conditions to which he is subject severely and immediately restrain his physical liberty, the district court correctly concluded that it lacked jurisdiction to entertain Deck's § 2254 petition.[1]

**AFFIRMED.**

---

[1] Respondent's unopposed motion to take judicial notice (Dkt. 15) is GRANTED.